IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL DRY CLEANERS INC. a Delaware corporation, et al., | Case No. 08-11382 (CSS) |
| | Jointly Administered |
| Debtors. | |
| | Ref. Docket Nos. 110 & 144 |

---

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN ASSETS OF DCI MANAGEMENT GROUP, INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO THE FORT LAUDERDALE SALE AGREEMENT, (II) AUTHORIZING AND APPROVING THE FORT LAUDERDALE SALE AGREEMENT, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (IV) PROVIDING FOR PAYMENT OF SALE PROCEEDS TO SECURED LENDER; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of DCI Management Group, Inc. (the "Debtor" or "DCI Florida"), one of the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[2] pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of orders substantially in the forms annexed to the Motion as Exhibit A and Exhibit C, approving sale procedures and the sale of the Stalking Horse Assets and the Non-Stalking Horse Assets of DCI Florida in the Fort Lauderdale Region; and a hearing on the Fort Lauderdale Sale Procedures Order having been held before this Court on August 6, 2008 (the "Sale Procedures Hearing");

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: National Dry Cleaners Inc. (6722), DCI USA, Inc.(3731), DCI Management Group, Ltd. (a California corporation) (2299), DCI Management Group, Ltd. (an Arizona corporation) (7724), Al Phillips The Cleaner, Inc. (0976), Capitol Varsity, Inc. (9357), DryClean USA of South Carolina, Inc. (3822), DryClean U.S.A. Coastal, Inc. (3612), DryClean USA of Georgia, Inc. (1817), Tuchman Cleaners, Inc. (5121), DCI Management Group, Inc. (0277), and Pride Cleaners, Inc. (9852). The address for the Debtors is 11811 N. Tatum Blvd., #3031, Phoenix, Arizona 85028.

and the Court having entered the Fort Lauderdale Sale Procedures Order on August 6, 2008; and an auction having been conducted for the Stalking Horse Assets and the Non-Stalking Horse Assets on September 9, 2008 (the "Auction"); and that certain Asset Purchase Agreement by and between DCI Florida and Pyong Lee (the "Purchaser") dated as of September 9, 2008, a copy of which is annexed hereto as Exhibit B (as amended, the "Fort Lauderdale Sale Agreement") having been selected as the Successful Bid at the Auction; and the Court having conducted the Sale Hearing to consider the approval of the sale of the assets identified in the Fort Lauderdale Sale Agreement (the "Purchased Assets") and related transactions pursuant to the terms of the Fort Lauderdale Sale Agreement; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Fort Lauderdale Sale Agreement and the transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel made, and evidence adduced, related thereto; and upon the record of the Sale Procedures Hearing, the Fort Lauderdale Sales Procedures Order, the Auction and the Sale Hearing held before this Court on September 19, 2008, and the full record of these cases; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Fort Lauderdale Sale Agreement pursuant to 28 U.S.C. §§ 157 and 1334,

and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. A sound business purpose justifies the sale of the Purchased Assets outside of the ordinary course of business.

D. Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to parties in interest.

E. Good and sufficient notice of the transfer, assumption and assignment of the Executory Contracts and Unexpired Leases has been given and no other or further notice is required. A reasonable opportunity to object or be heard has been offered to parties in interest.

F. The cure amounts set forth on Exhibit A hereto in the column titled "Cure Amounts (the "Cure Amounts") are deemed to be amounts necessary to "cure" (within the meaning of section 365(b)(1) of the Bankruptcy Code) all "defaults" (within the meaning of section 365(b) of the Bankruptcy Code) under such Executory Contracts and Unexpired Leases, to the extent required by section 365 of the Bankruptcy Code.

G. The Debtors solicited offers for, conducted an auction of, and selected the Successful Bidder for the sale of the Purchased Assets in accordance with the Fort Lauderdale Sale Procedures Order.

H. The Stalking Horse Auction was fair in substance and procedure.

I. The Debtors have obtained a fair and reasonable price for the sale of the Purchased Assets.

J. The Purchaser's offer for the Purchased Assets, as embodied in the Fort Lauderdale Sale Agreement, is the highest or best offer received by the Debtors therefor.

K. Consummation of the sale transaction contemplated by the Successful Bid will provide the highest or otherwise best value for the Purchased Assets and is in the best interests of the Debtors and their estates.

L. The Fort Lauderdale Sale Agreement has been negotiated by DCI Florida and the Purchaser in good faith and at arm's length.

M. The Purchaser is a "good faith purchaser" entitled to the benefits and protections of section 363(m) of the Bankruptcy Code.

N. The Debtors and the Purchaser have not engaged in any conduct that would permit the Fort Lauderdale Sale Agreement or the sale transaction contemplated therein to be avoided under section 363(n) of the Bankruptcy Code.

O. The consideration to be provided by the Purchaser pursuant to the Fort Lauderdale Sale Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased Assets; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

P. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

Q. The relief requested in the Motion is an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their estates and creditors.

R. The entry of this Order (the "Fort Lauderdale Sale Order") is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. All objections and responses to the Motion or the relief provided herein that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. The Purchaser's offer for the Purchased Assets, as embodied in the Fort Lauderdale Sale Agreement, is the highest and best offer for the Purchased Assets and is hereby approved.

4. The Fort Lauderdale Sale Agreement annexed hereto as <u>Exhibit B</u> is hereby approved pursuant to sections 363(b) and 365 of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the Fort Lauderdale Sale Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Fort Lauderdale Sale Agreement.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets may be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "<u>Liens</u>") except as otherwise provided in the Fort Lauderdale Sale Agreement, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Purchased Assets immediately prior to the sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

6. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the sale of the Purchased Assets by DCI Florida to the Purchaser of the Fort Lauderdale Assets and the transactions related thereto, upon the closing under the Fort Lauderdale Sale Agreement, are authorized and approved in all respects.

DB02:7014762.3     067391.1001

7.  Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Executory Contracts and Unexpired Leases, as identified in the Fort Lauderdale Sale Agreement, by the Purchaser, is hereby authorized and approved in all respects; provided, however, that the assumption of the Executory Contracts and Unexpired Leases by DCI Florida is conditioned upon and subject to the occurrence of the closing of the Sale.

8.  Any party having the right to consent to the assumption or assigment of the Executory Contracts and Unexpired Leases that failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment as required by section 365(c) of the Bankruptcy Code.

9.  Any non-debtor party to an Executory Contract or Lease is hereby barred, enjoined and prohibited from asserting any claim or debt against the Debtors or their property or estates other than the Cure Amount or from offsetting, seeking to offset, recoup, deduct or set-off any Claims such party may have against the Debtors from any amounts that may be or may become due in the future to the Purchaser under such Executory Contract or Lease.

10. The failure of the Debtors or the Purchaser to enforce at any time one or more terms or conditions of any Executory Contract or Lease shall not be a waiver of such terms or conditions, or of DCI Florida's or the Purchaser's rights to enforce every term and condition of the Executory Contracts and Unexpired Leases.

11. Adequate assurance of future performance has been demonstrated by or on behalf of the Purchaser with respect to the Executory Contracts and Unexpired Leases, and the Purchaser shall be entitled to have DCI Florida assume such Executory Contract or Lease, pursuant to section 365 of the Bankruptcy Code, and to have such Executory Contract or Lease assigned to the Purchaser.

12. After the payment of the Cure Amounts, if any, with respect to the Executory Contracts and Unexpired Leases, DCI Florida is not and will not be in default in any of its obligations under such contracts with the possible exception of defaults identified in section 365(b)(2) of the Bankruptcy Code, which defaults, if any, are null and void and without effect.

13. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

14. The consideration provided by the Purchaser for the Purchased Assets under the Fort Lauderdale Sale Agreement is fair and reasonable, and the sale pursuant to the Fort Lauderdale Sale Agreement may not be avoided under section 363(n) of the Bankruptcy Code.

15. With respect to the transactions consummated pursuant to this Fort Lauderdale Sale Order, this Fort Lauderdale Sale Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Fort Lauderdale Sale Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Fort Lauderdale Sale Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Fort Lauderdale Sale Order as sole and

sufficient evidence of such transfer of title and shall rely upon this Fort Lauderdale Sale Order in consummating the transactions contemplated hereby.

16. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Fort Lauderdale Sale Order and the Fort Lauderdale Sale Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

17. The Fort Lauderdale Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

18. To the extent of any inconsistency between the provisions of this Fort Lauderdale Sale Order and the Fort Lauderdale Sale Agreement, or any documents executed in connection therewith, the provisions contained in this Fort Lauderdale Sale Order shall govern.

19. Pending further Order of the Court, the net proceeds (the "Net Proceeds") realized from consummation of the sale of the Purchased Assets pursuant to the Fort Lauderdale Sale Agreement shall be held by the Debtors, subject to the Debtors' rights to use the Net Proceeds in accordance with the terms of the Cash Collateral Order; provided, however, that the Debtors are permitted, without further order of the Court, to pay all or a portion of the Net Proceeds to Prudential, in its capacity as the Debtors' prepetition secured lender, to be applied to Prudential's secured claim, upon the written consent of the Committee.

20. Notwithstanding any provision of the Fort Lauderdale Sale Agreement to the contrary, the Purchaser shall be responsible for any and all amounts and obligations that

8

DB02:7014762.3                                                                                                                                      067391.1001

come due under the terms of the respective Executory Contracts and Unexpired Leases in the ordinary course of business from and after the Closing Date (as defined in the Fort Lauderdale Sale Agreement), including, but not limited to year end adjustments which may relate to time periods prior to the Closing Date, but are not yet billed, but the Purchaser reserves the right to dispute any such charges pursuant to the terms of the Executory Contracts and Unexpired Leases.

21. If the Sale to the Purchaser fails to close pursuant to the terms of the Fort Lauderdale Sale Agreement, subject to further Order of the Court, the Debtors are authorized to consummate the Sale of assets of DCI Florida identified in the bid of Michael Grubbs, as modified during the Auction, which bid was determined to be the next highest bid at the Auction.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Fort Lauderdale Sale Order shall be effective immediately upon its entry.

Dated: Wilmington, Delaware
September 19, 2008

Christopher S. Sontchi
United States Bankruptcy Judge

DB02:7014762.3      067391.1001