UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                          .    Case No. 08-11382(CSS)
                                .    (Jointly Administered)
                                .
NATIONAL DRY CLEANERS,          .
INC.,                           .    824 North Market Street
                                .    Wilmington, Delaware 19801
                                .
            Debtor.             .    September 30, 2008
. . . . . . . . . . . . . ..         11:05 a.m.

                    TRANSCRIPT OF HEARING
            BEFORE HONORABLE CHRISTOPHER SONTCHI
            UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:          Young, Conaway, Stargatt & Taylor, LLP
                          By:  MATTHEW B. LUNN, ESQ.
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, DE  19801


For Prudential Life:      Richards, Layton & Finger
                          By:  LEE KAUFMAN, ESQ.
                          One Rodney Square
                          920 North King Street
                          Wilmington, DE  19801


                          Alston & Bird
                          By:  JASON H. WATSON, ESQ.
                          One Atlantic Center
                          1201 West Peachtree Street
                          Atlanta, GA  30309
                          (Telephonic Appearance)


Audio Operator:           Leslie Murin


 Proceedings recorded by electronic sound recording, transcript
                produced by transcription service
_____

                    **J&J COURT TRANSCRIBERS, INC.**
                        **268 Evergreen Avenue**
                     **Hamilton, New Jersey 08619**
                    **E-mail:  jjcourt@optonline.net**

              **(609) 586-2311    Fax No. (609) 587-3599**

**APPEARANCES (CONT'D):**


For Rey's Dry Cleaners:     By:  RUSS LAMBERT, ESQ.
                                  (Telephonic Appearance)

1    MR. LUNN:  Good morning, Your Honor.

2    THE COURT:  Oh, I'm sorry.  Please be seated.  Stand

3 for the whole hearing.

4    UNIDENTIFIED SPEAKER:  If you insist.

5    THE COURT:  We'll pretend it's law school, you have

6 to stand every time you speak.  Good morning.

7    MR. LUNN:  Good morning, Your Honor.  May it please

8 the Court, Matthew Lunn of Young Conaway on behalf of the

9 debtors.  First of all, I would like to express my appreciation

10 for Your Honor hearing us on an emergency basis.  What we're

11 here to do today, Your Honor, the reason why we're before you

12 is to request authorization to enter into a second amendment to

13 the asset purchase agreement for the sale of assets related to

14 the Miami market.

15    This morning we filed a notice of filing with the

16 second amendment, sent it over as soon as possible.  I don't

17 know Your Honor --

18    THE COURT:  I got it.

19    MR. LUNN:  Excellent.  Under the sale order, Your

20 Honor, Paragraph 17, the debtors have the ability to amend the

21 asset purchase agreement provided it doesn't cause a material,

22 adverse effect on the debtors' estates.  The debtors don't

23 believe that the amendment is an adverse or causes an adverse

24 effect on the debtor's estates, but given --

25    THE COURT:  But out of an abundance of caution.

1    MR. LUNN:  You've got it, Your Honor.  And just given

2  how we are changing the consideration from an all cash deal to

3  part cash on September 30th and a note, we felt it would be

4  prudent for Your Honor and in the interest of full disclosure

5  to get in front and get it approved.

6    Simple background, Your Honor, just to set the

7  record.  Rey's Dry Cleaner served as the stalking horse bidder.

8  Your Honor approved -- we went to auction on September 9th.

9  There was one other bidder.  Rey's increased its bid from 1.6

10  million to 1.8, all cash deal.  Your Honor approved the sale on

11  September 19th.

12    And you're probably asking how did we get to where we

13  are today.  And what happened was on Thursday, late Thursday,

14  Rey's contacted us and said, the bank, while it has all the

15  documents, while it's ready to fund the closing for the cash so

16  that we can close on September 30th, it still needed some time

17  to review the documents, and therefore asked, or requested that

18  we're not going to be able to fund until mid-October.

19    As a result, debtors reached out to the Committee,

20  reached out to Prudential, the secured lenders, advised them of

21  the situation, entered into negotiations with Rey's to

22  structure a deal so that a closing can occur on September 30th.

23  The importance of September 30th is, one, the debtors have sold

24  all of their assets.  We have limited liquidity.  Two, and

25  probably more important is that insurance for the debtors

1   terminates on October 1 with respect to the assets that are

2   being sold in Miami.  So effectively, essentially the debtors

3   determined that obtaining new insurance, their insurer is AIG,

4   on terms that the debtors believe would be reasonable and given

5   the short time frame, we just didn't feel it was possible.  As

6   a result, we structured the amendment to provide for, change it

7   from an all cash deal to cash and a note.

8           Just to highlight, and part of the reason, too, we

9   pushed back, or are doing a soft closing is that Rey's has

10  gained a commitment from the lender that it will fund the

11  purchase price on or about October 10th.

12          THE COURT:  Who's the lender?  I know someone's there

13  from Rey's.

14          MR. LUNN:  Rey's is on the phone.

15          THE COURT:  Mr. Lambert?

16          MR. LAMBERT:  Yes, Your Honor, Russ Lambert

17  representing Rey's Dry Cleaning, Your Honor.

18          THE COURT:  Who's your lender?

19          MR. LAMBERT:  U.S. Century Bank, Your Honor.

20          THE COURT:  Okay.

21          MR. LAMBERT:  I've forwarded a copy of the commitment

22  letter to counsel.  I also spoke to senior vice president J.C.

23  Buretto at U.S. Century today just confirming that they fully

24  intend to close in the time frame that we've mapped out and

25  that I was authorized to make that representation today in

1  court.

2          THE COURT:  Okay, thank you.

3          MR. LUNN:  Just to highlight the amendment, Your

4  Honor.  I know that you've reviewed it hopefully.  The purchase

5  price, because of the soft closing, is being increased by

6  $50,000.  But we have an adjustment to the purchase price that

7  the debtors agreed to as a result of an environmental issue

8  with respect to one location, which is the Country Walk

9  location.  We've agreed to adjust that purchase price down

10  $20,000, so that the net purchase price increase is $30,000.

11  So now the purchase price is $1.83 million.  Instead of all

12  cash, we're taking a secured note.  There's also personal

13  guarantees in connection with the note, and there's also a

14  confession of judgment that the debtors' counsel, Young

15  Conaway, will hold in escrow pending the closing where the

16  maturity of the note, which the maturity date is October 20th

17  and the principal amount of the note is $1.482 million.

18          The debtors have communicated with the committee

19  counsel.  Committee counsel has authorized me to represent that

20  it's supportive of the debtors and the structure of the

21  amendment in taking a secured note.  Likewise we've

22  communicated with Prudential, who also supports and consents to

23  the amendment to the asset purchase agreement.

24          I also had the opportunity to speak with Mr.

25  Bookbinder and advised him of the situation.  He received

**J&J COURT TRANSCRIBERS, INC.**

1 copies of the documents late last night. When I spoke to him

2 yesterday afternoon, he was also supportive of the concept and

3 didn't object to the debtors taking a secured note.

4 Your Honor, unless Your Honor has any questions.

5 THE COURT: I have no questions. I reviewed the

6 amended asset purchase agreement, I have no questions or

7 concerns.

8 MR. LUNN: May I approach with the form of --

9 THE COURT: Yes, please. We'll incorporate the

10 record from the previous hearing and Mr. Lunn's

11 representations. I don't believe that any further record is

12 required. Does anyone have any comments in connection with the

13 amended amendment? All right, hearing none, unless there's

14 anything further, Mr. Lunn?

15 MR. LUNN: No, I would just point out in the order

16 that I did incorporate, the order does incorporate the record

17 from the last, the sale hearing. It also says that, you know

18 the debtors are authorized to consummate and perform all the

19 obligations that we need to effectuate the closing, which

20 hopefully will occur and should occur this afternoon, Your

21 Honor.

22 THE COURT: All right, excellent. Well, I

23 understand, I think we all understand that credit is tight and

24 that banks are being a little more careful with what they lend,

25 and I think that's a good thing. And certainly the debtors

1 have demonstrated cause to go with the closing on September

2 30th and accept a note in the short term.  Based on the

3 expensive insurance and certainly I would expect some

4 disruption at AIG from moving things through there.  So I'll

5 approve the amended order.

6         MR. LUNN:  Thank you, Your Honor.

7         THE COURT:  The amended asset purchase agreement.

8 Anything further for today?  All right. Hearing is adjourned.

9         MR. LUNN:  Thank you, Your Honor.

10         MR. LAMBERT:  Thank you, Your Honor.

11                     * * * * *

12              **C E R T I F I C A T I O N**

13         I, RITA BERGEN, court approved transcriber, certify

14 that the foregoing is a correct transcript from the official

15 electronic sound recording of the proceedings in the above-

16 entitled matter, and to the best of my ability.

17

18 /s/ Rita Bergen_____     DATE:  September 5, 2008

19 RITA BERGEN

20 J&J COURT TRANSCRIBERS, INC.

21

22

23

24

25